The opinion of the Court was delivered by
Poché, J.
Plaintiff, as pledgee of a claim evidenced by an instrument in writing, owned by Henry S. Utz, has enjoined the seizure of the same by E. D. and W. Farrar, judgment creditors of the pledgor.
Among other defenses, the seizing creditors filed a peremptory exception of no cause of action, which was referred to the merits, and judgment was rendered in their favor, dissolving plaintiff’s injunction, with ten per cent, interest per annum on the judgment enjoined.
It is now well settled in our jurisprudence, that the property of any nature, held in pledge by a creditor, may be seized from his possession by another creditor of the common debtor, and sold subject to the pledgee’s claim.
The only right which the law secures to the pledgee is to satisfy his debt “ by privilege and in preference to the other creditors of his debtor, out of the product of the movable, corporeal or incorporeal, which has been thus burdened.” C. C. 3157.
Nothing in the nature of the contract can authorize the pledgee to hold indefinitely the property pledged, which is usually far in excess of the amount thereby secured, and to thus deprive other creditors of *390 tlieir recourse on tlie debtor’s property. “Were it otherwise, the creditor in possession would become by his own wrong the proprietor of the pledge, and that in open violation of the law which prohibits him from acquiring it by such means, and expressly declares that it is only a deposit to secure his debt.” 2 N. S. 22; 1 N. S. 417, Williams vs. Schooner St. Stephen; 31 A. 865, Augé vs. Variol; same, 870, Pickens vs. Webster, sheriff, et al.
It was, therefore, competent for the seizing creditors to seize even in the possession of I-Iorner, the claim wliich had been pledged to him by Utz.
The next question involved in this case is, whether plaintiff, claiming to have a pledge of the thing seized, and urging a superior privilege on the same, was authorized in law to enjoin the seizure made of the claim, by judgment creditors of the debtor.
An unbroken line of decisions of this Court has also settled that point adversely to plaintiff’s position in this case. His right was to claim priority of privilege over the seizing creditor on the proceeds of the property pledged to him, and seized by his debtor’s judgment creditors; and his remedy was by third opposition to regulate the effects of the seizure, or by injunction arresting the proceeds in the hands of the sheriff, subject to his ranking privilege, but he is not warranted in law to enjoin the seizure of the thing pledged, becairse he claims asupei'ior right or privilege thereon. To concede such a right to a preferred creditor, would empower him, in case the value of the property thus burdened was far in excess of his claim, to remove the property beyond the pursuit of other creditors of the debtor, whose property is in law the common pledge of his creditors. 5 R. 496, Vanhich vs. Husband; 10 R. 28, Gill vs. Husband; 2 A. 762, Fisher vs. Gordey; 11 A; 275, Antognini vs. Railey; 14 A. 104, Wallis vs. Boure; 18 A. 665, Marot vs. Husband; 19 A. 62, White, Admr. vs. Blanchard; 26 A. 265, James Breaux; also 6 N. S. 615, 7 N. S. 281.
Plaintiff relies in support of his right of injunction on the cases reported in 6 N. S. 311, and 13 A. 273, but neither is applicable to the question under discussion. In the case first mentioned, the contention involved the ownership and possession of a slave, and it was held that possession justified an injunction. In the other case, the seizure was not enjoined, but the proceeds of the sale of the property were arrested in the hands of the sheriff, by injunction on the demand of the preferred creditor, the very remedy which we have indicated in this opinion.
Appellees have asked an amendment of the judgment, for the purpose of increasing the damages allowed them below.
Considering plaintiff’s utter disregard of our well established juris *391 prudence on the two questions involved in this controversy, we think tlie demand reasonable.
It is, therefore, ordered, that the judgment of tlie lower court be annulled, so as to increase the damages allowed to defendants, by adding ten per cent, on the amomi t of the judgment enjoined; and that, as thus amended, said judgment be affirmed at appellant’s costs.